# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| LARRY SANDERLIN, *On Behalf of Himself and on Behalf of All Others Similarly Situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:19-cv-00013 |
| ALPHA SERVICES, LLC, | § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION TO TRANSFER TO FIRST-FILED COURT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Alpha Services, LLC (hereinafter referred to as "Defendant" or "Alpha") and respectfully files its Motion to Transfer this action to the Houston Division of the Southern District of Texas (the "First-Filed Court"), pursuant to the First-Filed Rule. On its face, Plaintiff Larry Sanderlin (hereinafter referred to as "Plaintiff" or "Sanderlin"), an Arkansas resident, brings this later-filed suit which substantially overlaps with the First-Filed Suit in Houston. Plaintiff seeks to represent a nationwide class of individuals nearly identical to the class sought in the First-Filed Suit alleging the same violation by Alpha of the Fair Labor Standards Act (hereinafter referred to as "FLSA"). Defendant respectfully requests the Honorable Court transfer this FLSA action to the Houston Division of the Southern District of the Texas. In support of this Motion, Defendant would show the following:

## I. INTRODUCTION

At issue is Plaintiff's choice of venue in filing this action in the Pecos Division of the Western District of Texas instead of the Houston Division of the Southern District of Texas, where Alpha resides. Plaintiff sued Alpha under 29 U.S.C. § 216(b) alleging violations of the

overtime provisions of the FLSA.  Plaintiff resides in Hamburg, Arkansas, more than seven hundred fifty (750) miles from the Pecos Division.  *See* Doc. 1, *Plaintiff's Original Collective Action Complaint*, filed March 25, 2019.  Alpha's principal place of business is Cypress (Harris County), Texas which is located within the territorial jurisdiction of the First-Filed Court.

Plaintiff has alleged nearly identical violations of the FLSA by Alpha as those alleged in ***Jason Smith v. Anadarko Petroleum Corporation and Alpha Services, LLC*, Civil Action No. 4:19-cv-00589, filed February 20, 2019, in the United States District Court, Southern District of Texas, Houston Division, assigned to the Honorable Judge Kenneth Hoyt** (hereinafter the "First-Filed Suit" or "*Smith v. Alpha*").  Both this action and the First-Filed Suit involve allegations by inspectors employed by Alpha in Texas that they were improperly paid a day rate wage with no overtime for hours worked greater than forty (40) per week within the three years prior to filing suit, February 20, 2019 and March 25, 2019, respectively.  This action asserts claims against less defendants, not more than the First-Filed Suit.  The named Plaintiff in each action purports to represent alleged similarly situated individuals and seeks certification of a collective action covering substantially the same factual and legal issues, with this suit alleging fewer not more issues, and the proposed class definition in each case being nearly identical.  The cases involve the same key witnesses because the proposed class in this action is entirely subsumed within the proposed class in the First-Filed Suit.  Conceivably, should notice be issued in both cases, the same putative class member could opt-in to either the First-Filed Suit, this action, or both, leading to a potential myriad of conflicting rulings, confusion to the proposed class, and harm to Alpha.

Pursuant to the "first-to-file" or "first-filed" rule, this action should be transferred to the Houston Division of the Southern District of Texas, because the claims substantially overlap,

there is a likelihood of conflict if the two cases proceed, and the Houston Division is the most convenient forum.

## II.  BACKGROUND FACTS AND PROCEDURAL HISTORY

**A.**    **Alpha's Operations.**

Alpha is a small family business founded in 2007 and headquartered in Cypress, Texas. *See* ALPHA SERVICES LLC, https://www.alphaservicesllc.com, (last visited April 26, 2019). Alpha serves the oil and gas industry by providing experienced employees who perform on-site inspection, consulting and design services.  *Id*.  While Alpha has clients whose well-sites are located in the Western District, Alpha resides in the Southern District.

**B.**    **The First-Filed Suit.**

Jason Smith ("Smith") filed suit against Alpha and its client Anadarko Petroleum Corporation ("Anadarko") in the Houston Division of the Southern District alleging violations of the FLSA by Alpha and seeking to represent a putative class of individuals defined as follows:

> **All inspectors and all other employees employed by Defendants during the last three years who were paid on a day rate basis or otherwise not paid proper overtime[.]**

*Smith v. Alpha*, Doc. 1, Plaintiff's Original Complaint, filed February 20, 2019 (attached as **Exhibit A**) (emphasis added).

Smith, a resident of West Monroe, Louisiana, alleges he performed work for Alpha at Anadarko's facilities in Kermit, Texas as an inspector between March 2016 and November 2018. *Id*.  Alpha filed its answer in that case on March 21, 2019.  *Smith v. Alpha*, Doc. 8, Defendant Alpha's Answer to Plaintiff's Original Complaint, filed March 21, 2019.  In its early stages, the Initial Pretrial and Scheduling Conference in the First-Filed Suit is set July 8th.  No discovery has taken place.  On April 17th Alpha advised the First-Filed Court of this related action.  *See Smith v. Alpha*, Doc. 17, Notice of Related Case, filed April 17, 2019.

3

**C.**     **Sanderlin's Later-Filed Suit Substantially Overlaps With First-Filed Suit.**

More than a month after Smith filed suit in Houston, Sanderlin filed this FLSA action in the Pecos Division of the Western District of Texas.  Sanderlin does not reside within the Western District but rather in Hamburg, Arkansas.  *Plaintiff's Original Collective Action Complaint*, Doc. 1, filed March 25, 2019.  Like Smith, Plaintiff alleges he was employed by Alpha and performed work for Alpha in Texas[1] as an inspector.  *See id*.  Also like Smith, Sanderlin seeks to represent a putative class of individuals who performed work for Alpha defined as follows:

> **All of Defendant's current and former employees paid on a day rate basis without overtime pay during the three year period prior to the filing of this Complaint to the present.**

*Id*. (emphasis added).  Simply put, both Smith and Sanderlin seek to represent a nationwide class of Alpha employees who performed work similar to the work each performed as an inspector in Texas and who were paid a day rate within the three (3) years prior to February 20 and March 25, 2019, respectively.  **The alleged similarly situated class proposed here is entirely subsumed within the definition of the proposed class in the First-Filed Suit.**

Because Sanderlin's claims and moreover the proposed class sought substantially overlap with those in the First-Filed Suit, this action should be transferred to the Houston Division of the Southern District of Texas, the jurisdiction first seized of these issues.

### III.  LAW AND ARGUMENT

Under the first-to-file rule, a federal court may decline to hear a case when an earlier-filed case is pending in a different federal court which raises similar issues.  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).  The Fifth Circuit adheres to the

---

[1] Upon information and belief, Sanderlin performed work at an Anadarko facility at or near Kermit, Texas.

4

general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). The first-to-file rule determines not only which court may decide the merits of substantially similar cases, but also establishes whether the second or later-filed suit must be dismissed, stayed or transferred and consolidated. *Id*. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).

**A.     Sanderlin's FLSA Claims Substantially Overlap with the First-Filed Suit.**

The rule applies where the later-filed action "substantially overlaps" with the first-filed action. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The cases need not be exactly the same, and complete identities of parties is not required. *Id*. at 951. In deciding if a substantial overlap exists, the Fifth Circuit has looked to whether the core issue is the same in both cases or if much of the proof adduced would likely be identical. *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). **<u>Here, both Smith and Sanderlin allege to have been the victims of a common policy or plan by Alpha in violation of the FLSA to wilfully deprive them of overtime owed. This core issue is subject to the same if not identical proof and witnesses in both suits.</u>** At best, the First-Filed Suit involves the possibility of additional witnesses and proof, not less or different witnesses or proof against Alpha, on the issue of whether Anadarko who was not named in this suit was an additional employer under the FLSA.

**B.      Alpha Need Only Show the Likelihood of Substantial Overlap to Invoke the First-Filed Rule.**

Where there is not complete overlap of parties, courts in the Fifth Circuit look to factors such as the extent of overlap, the likelihood of conflict, and the comparative advantage and the interest of each forum in resolving the dispute. *Save Power Ltd.*, 121 F.3d at 951; *Mann Mfg., Inc. v. Hortex Inc*., 439 F.2d 403, 408 n.6 (5th Cir. 1971) ("regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in New York, the jurisdiction first seized of the issues."). To put it another way, in applying the first-to-file rule, this Court must resolve two issues: "(1) are the two pending actions so duplicative or do they involve substantially similar issues such that one court should decide the subject matter of both actions; and (2) which of the two courts should take the case." *Granado v. Quality Energy Servs.*, Civil Action No. SA-15-CV-1061-XR, 2016 U.S. Dist. LEXIS 20060, at *3 (W.D. Tex. Feb. 18, 2016) (citing *Tex. Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). Generally, <u>**once the *likelihood* of substantial overlap between the first-filed and later-filed suit has been demonstrated, the correct course of action is to transfer the latter case to the first-filed court**</u>. *Id*. (citing *Cadle*, 174 F.3d at 606) (emphasis added). It is apparent from the face of the complaints that these two cases should be decided in one court to avoid inconsistent outcomes and to preserve judicial resources.

All factors weigh in favor of transfer of this, the later-filed suit. Texas obviously has a significant interest in resolving the dispute. However, the First-Filed Court has a better interest. If Smith's and Sanderlin's allegations are to believed, Alpha, who resides in the Houston Division of the Southern District, made a common decision or had a common policy which as applied to each of them working in similar jobs and locations violated the FLSA. The likelihood

6

of conflict is high were the same alleged common decision or policy would be subject to scrutiny in parallel proceedings in both the Southern and Western Districts.  This Court should "exercise care to avoid interference with [its sister court's] affairs" to avoid rulings which may trench upon the authority of the First-Filed Court as the piecemeal resolution of the core issues here, whether or not Alpha had a common policy which violated the FLSA as to both Smith and Sanderlin, calls for a uniform result.  *See Sweet Little Mex. Corp.*, 665 F.3d at 678.

**C.     Texas Courts Routinely Apply First-To-File Rule In Dual FLSA Collective Actions.**

Courts in this and other Texas Districts "have routinely applied the first-filed rule in the face of similar dual collective actions."  *Granado,* 2016 U.S. Dist. LEXIS 20060, at *5 (W.D. Tex. Feb. 18, 2016) (collecting cases).  Far more than a likelihood of substantial overlap, the proposed classes in each case are nearly identical.  *See id.* (comparing the proposed class definition and dual allegations of willful violations of the FLSA in each of two proposed collective actions in finding substantial overlap); *see also Guyton v. Legacy Pressure Control, Inc.*, Civil Action No. SA-15-CV-1075-XR, 2016 U.S. Dist. LEXIS 137896, at *5 (W.D. Tex. Oct. 4, 2016) ("In the FLSA collective action context, the First-to-File rule is often applied and is particularly appropriate, but only in the face of competing collective actions.").  Certainly, there could be little gained and much wasteful duplication in litigating two proposed collective actions in two different Districts which allege the same common pay policy or decision as to those Smith and Sanderlin have both alleged they are similarly situated.  To be sure, Alpha would be forced to expend significant resources in defending essentially the same allegations on two simultaneous fronts.  More importantly, because some if not all proposed class members could potentially opt-in to the First-Filed Suit, this action, or both, the resources of both Districts would

7

also be expended in the administration of competing collective actions involving the same individuals and claims.

This action should be transferred to Houston.  It makes no difference that this action was filed approximately one (1) month after the First-Filed Suit as a somewhat minimal difference in filing time does not justify a deviation from the first-to-file rule, even where competing suits are filed "almost simultaneously."  *Twin City Ins. Co. v. Key Energy Servs., Inc.*, No. H-09-0352, 2009 U.S. Dist. LEXIS 46267, at *20 (S.D. Tex. June 2, 2009) (citing *Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) ("[a]lthough the 'first to file' rule is pedestrian, its simplicity furthers comity between the courts and should not be casually ignored.")).  In fact, the close in time but later filing here further justifies transfer as no discovery has occurred in the First-Filed Suit.

**D.    Alternatively, the First-Filed Court Should Decide Further Venue Challenges.**

Moreover, as there are no compelling circumstances undermining the appropriateness of the transfer, this Court should exercise its discretion in applying the rule in this later-filed action as a matter of sound judicial administration.  *See Save Power Ltd.*, 121 F.3d at 951.  Should Plaintiff argue against transfer because potential opt-ins may live or work in the Western District, the Fifth Circuit has made clear that the first-filed court should make the determination of proper venue under 28 U.S.C. § 1404(a).  *Sutter Corp.*, 125 F.3d at 920 ("the 'first-to-file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or *transferred* and consolidated.") (emphasis added); *Tillery v. Higman Barge Lines, Inc.*, No. 2:14-CV-40, 2014 U.S. Dist. LEXIS 59042, at *7 (S.D. Tex. Apr. 29, 2014) (quoting *W. Gulf Maritime Ass'n*, 751 F.2d at 730 ) ("the court with 'prior jurisdiction over the common subject

matter' should resolve *all issues presented* in related actions.") (emphasis in original); *Twin City Ins. Co.,* 2009 U.S. Dist. LEXIS 46267, at *25 (S.D. Tex. June 2, 2009) ("If this court were to evaluate the § 1404 (a) factors, i.e., make a determination as to whether 'the convenience of parties and witnesses' and 'the interest of justice' favors venue in Houston, 28 U.S.C. § 1404 (a), this court would find itself doing exactly what the first-to-file rule is designed to avoid.").  As such, Alpha reserves its right to later challenge, if necessary, venue in this Court as an inconvenient forum pursuant to 28 U.S.C. 1404(a).

## IV.  <u>CONCLUSION</u>

For these reasons, Defendant Alpha Services, LLC respectfully requests this Court, the later-filed Court, transfer this action to the Houston Division of the Southern District of Texas, the First-Filed Court.  In the alternative, Defendant requests additional briefing regarding the inconvenience of this forum pursuant to 28 U.S.C. 1404(a).

Respectfully Submitted,

**MUNSCH, HARDT, KOPF & HARR, P.C.**

By:     */s/ Amber L. Karns*
Amber L. Karns
Texas Bar No. 24080669
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam, Suite 2700
Houston, TX 77002
Tel: (713) 222-1470
Fax: (713) 222-1475
akarns@munsch.com

Daniel D. Pipitone*
Texas Bar No. 16024600
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas  77002
Tel: (713) 222-4060
Fax: (713) 222-5813
dpipitone@munsch.com

9

*Pro Hac Vice Application will be
promptly filed*

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to contact Plaintiff's counsel via phone and email on April 26, 2019 regarding the foregoing, but he was unavailable.  The undersigned will continue to attempt to contact Plaintiff's counsel and promptly update the Court should Plaintiff's counsel indicate he does not oppose this Motion or the relief requested herein.

*/s/ Amber L. Karns*
Amber L. Karns


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by means of ECF this 27th day of April, 2019.

*/s/ Amber L. Karns*
Amber L. Karns

4852-3828-6740v.1