**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **LARRY SANDERLIN, on behalf of himself** | § | |
| **and all others similarly situated** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:19-CV-13-DC-DF** |
| | § | |
| **ALPHA SERVICES, LLC,** | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is Defendant Alpha Services, LLC's (Defendant) Motion to Transfer. (Doc. 6). After due consideration, the Motion will be **GRANTED**. (Doc. 6).

## I. BACKGROUND

On March 25, 2019, Plaintiff Larry Sanderlin (Plaintiff) filed this suit as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, against Defendant. (Doc. 1). He alleges he was misclassified as an exempt employee and was not compensated at one and a half times his hourly rate for hours worked in excess of forty hours per week. *Id.* at 1. Plaintiff seeks to represent a class of "all current and former employees paid on a day rate basis for at least one week by Defendant at any time during the three-year period before the filing of this Complaint." *Id.* at 2. He asserts that he and the prospective class members are entitled to unpaid overtime wages, liquidated damages, attorney fees, and costs. *Id.* at 8–9.

Defendant filed its answer on April 27, 2019, and contemporaneously filed the instant Motion to Transfer Case to First-Filed Court. (Docs. 6 and 7). Defendant contends that a substantially similar case was filed in the United States District Court for the Southern District of Texas, Houston Division on February 20, 2019. (Doc. 6 at 3; *see* Doc. 6-1). Defendant argues

that under the first-to-file rule this Court should decline to hear the case and should transfer it to the United States District Court for the Southern District of Texas, Houston Division.

On May 2, 2019, Plaintiff filed a notice informing the Court he does not oppose the transfer. (Doc. 10).

## II. LEGAL STANDARD

The first-to-file rule is a discretionary federal doctrine based on "principles of comity and sound judicial administration." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id.* The court in which the first action was filed can then determine whether subsequent cases involving similar issues should proceed. *Green Tree Servicing, LLC v. Clayton*, 689 F. App'x 363, 367 (5th Cir. 2017) (citing *Sutter Corp. v. P&P Indus. Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

The cases need not be identical for the rule to be applicable; substantial overlap is sufficient. *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). To determine if there is substantial overlap, the Fifth Circuit has considered whether the core issues are the same and if the proof offered would likely be identical. *Id.*

## III. DISCUSSION

Plaintiff filed this FLSA overtime case as a collective action and seeks to represent a class of "all current and former employees paid on a day rate basis for at least one week by

Defendant at any time during the three-year period before the filing of this Complaint." (Doc. 1 at 2). Plaintiff names only Defendant Alpha Service, LLC in his complaint. *See id.*

Jason Smith, the named plaintiff in the Houston case, sues both Alpha Services LLC and Anadarko Petroleum Corporation and seeks to represent a class of "all inspectors and all other employees employed by Defendants during the last three years who were paid on a day rate basis or otherwise not paid proper overtime." (Doc. 6-1 at 2, 10). Smith alleges that Anadarko Petroleum Corporation pays him and other employees through Alpha Services, LLC, but is in fact their joint employer with Alpha Services as Anadarko controls and supervises their work. *Id.* at 5–6.

Both Plaintiff and Smith contend that they were not paid in accordance with the FLSA and seek to represent Alpha Services, LLC's employees who were paid on a day-rate basis during the three-year period prior to the filing of their respective suits. Admittedly, Smith's complaint sweeps more broadly as he names Anadarko Petroleum Corporation as a defendant and asserts he was jointly employed by both Anadarko Petroleum Corporation and Alpha Services, LLC. However, "[c]omplete identity of the parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 951 (5th Cir. 1997). Plaintiff's claim is substantially the same as Smith's claim against Alpha Services, LLC and the evidence and witnesses are likely to overlap. Consequently, litigating both claims in two separate federal courts would be duplicative and could potentially result in conflicting rulings. *See Sweet Little Mex. Corp.*, 665 F.3d at 678. The Court is of the opinion the first-to-file rule is applicable in this case and transfer to first-filed court, the United States District Court for the Southern District of Texas, Houston Division, is appropriate.

## IV. CONCLUSION

Based on the preceding discussion, the Court finds the first-to-file rule is applicable to this case. Accordingly, Defendant's Motion to Transfer is **GRANTED**. (Doc. 6).

It is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Southern District of Texas, Houston Division.

It is so **ORDERED**.

SIGNED this 9th day of May, 2019.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE